UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

IN THE MATTER OF THE
COMPLAINT OF TODD
ROSENTHAL, as owner
of the 2013 Everglades 243CC
(HIN: RJDJ0224H213), in a
cause of exoneration from or
limitation of liability,

      Petitioner.
_____/

Case No. 8:25-cv-2000-KKM-CPT

**O R D E R**

Before the Court is the Petitioner's *Motion to Approve Ad Interim Stipulation for Costs and Value with Letter of Undertaking and Enter Monition and Injunction.* (Doc. 3). For the reasons discussed below, the Petitioner's motion is granted.

I.

Petitioner Todd Rosenthal is the owner of a 2013 Everglades 243CC motor vessel (the Vessel) that was involved in a maritime incident in September 2024 while the Vessel was near Tampa, Florida (the Incident). (Docs. 1, 2). The Incident allegedly occurred when Hurricane Helene caused the Vessel to break free from its boat lift and damage a neighboring dock and seawall. *Id.* According to the Petitioner,

he first received written notice of a possible claim arising from the Incident in June 2025.

The next month, in July 2025, the Petitioner filed a complaint seeking to minimize, if not eliminate altogether, his exposure to any liability arising from the Incident pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act) and Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F). *Id.* Simultaneously upon filing his complaint, the Petitioner submitted an *Ad Interim Stipulation for Costs and Value with Letter of Undertaking* (Ad Interim Stipulation) as security for any claims stemming from the Incident. (Doc. 2). The Petitioner represents in the Ad Interim Stipulation, as well as in a declaration attached to his complaint, that the Vessel was essentially a total loss at the conclusion of the Incident and sold for only $7,532. (Docs. 1, 1-1, 2).

The Petitioner further submits a Letter of Undertaking (LOU),[1] which is signed by a representative of Progressive American Insurance Company (Progressive) as security for any claims stemming from the Incident. (Doc. 2-1). Progressive states

---

[1] LOUs are customarily offered by petitioners that opt to post security in lieu of depositing cash into a court's registry. *See In the Matter of Carpe Diem 1969 LLC*, 2018 WL 1463687, at *2 (D. V.I. Mar. 23, 2018) (citations omitted) (stating that *ad interim* stipulations should require "at the very least" an LOU "executed by an appropriate surety" in order to "provide a guarantee of payment in line with the guarantee afforded by holding the vessel in trust"); *In re Nat'l Maint. & Repair, Inc.*, 2009 WL 3579161, at *1 (S.D. Ill. Oct. 27, 2009) ("'Approved security' includes [LOUs], as 'it has been the practice for many years in the maritime industry to accept [LOUs] given by underwriters, domestic or foreign, in order to avoid the detention of vessels and the expense of posting security in other forms.'") (quoting *Matter of Compania Naviera Marasia S.A., Atlantico*, 466 F. Supp. 900, 902 (S.D.N.Y. 1979)).

that it will ensure payment of any potential obligations in this action up to the stipulated value of the Vessel, plus annual interest at six percent, together with costs within the meaning of Supplemental Rule F(1). *Id.*

Based upon these representations, the Petitioner now asks that the Court (1) approve the Ad Interim Stipulation; (2) issue a monition and notice to all potential claimants; and (3) impose an injunction under Supplemental Rule F precluding the further prosecution of any proceedings against the Petitioner arising from any claims subject to limitation. (Doc. 3).

II.

The Act grants a vessel owner, like the Petitioner, the right to confine his liability for damages or injuries arising from a maritime accident to the vessel's value or the owner's interest in the vessel and pending freight, provided that the accident occurred without the owner's privity or knowledge. 46 U.S.C. § 30523; *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1036 (11th Cir. 1996). Federal courts have "exclusive admiralty jurisdiction" to determine whether a vessel owner is entitled to such a limitation of liability. *Beiswenger*, 86 F.3d at 1036–37 (citations omitted).

Both the Act and Supplemental Rule F set forth the procedures for limitation actions. Pursuant to these provisions, a vessel owner seeking to invoke the Act's protections must file a complaint in federal court for limitation of liability no later than six months after receiving written notice of a claim. 46 U.S.C. § 30529; Fed. R. Civ. P. Supp. F(1).

For the benefit of claimants, the owner must also deposit with the court (1) a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or (2) approved security therefor.  46 U.S.C. § 30529(b)(1)(A); Fed. R. Civ. P. Supp. F(1).  "The posting of proper and adequate security is a condition precedent to obtaining the benefits of the [Act], and [a] district court [has the] discretion to require [an owner] to post security in one of the approved forms."  *N.Y. Marine Mgrs., Inc. v. Helena Marine Serv.*, 758 F. 2d 313, 317 (8th Cir. 1985) (internal citation omitted); *see also Luhr Bros. Inc. v. Gagnard*, 765 F. Supp. 1264, 1268 n.4 (W.D. La. 1991) ("The court possesses great discretion in determining just what constitutes appropriate security.") (citing *Complaint of Kingston Shipping Co., Inc.*, 1982 A.M.C. 134 (M.D. Fla. 1981)); *Karim v. Finch Shipping Co.*, 1998 WL 713396, at *1 (E.D. La. Oct. 6, 1998) ("The [c]ourt has an absolute right to determine what constitutes approved security.") (internal quotation marks and citation omitted).  Once the vessel owner complies with the above provisions, the Act authorizes a court to stay all proceedings against the owner or the owner's property with respect to the matter in question, and to direct all potential claimants to file their claims against the owner in federal court within a specified period.  Fed. R. Civ. P. Supp. F(3), (4).

### III.

Upon due consideration of the matter, the Court finds that the Petitioner's motion is sufficiently supported.  Accordingly, it is hereby ORDERED:

1. The Petitioner's motion (Doc. 3) is granted.

2. The Ad Interim Stipulation is accepted and is approved as to form and quantum.

3. The Petitioner and any claimant who may properly become a party may contest the amount or value of the Petitioner's interest in the Vessel as fixed in the Ad Interim Stipulation; may move the Court for due appraisal of said interest; and may apply to have the amount of said interest increased or decreased, as the case may be, upon the Court's determination of the amount or value of said interest or to carry out the provisions of 46 U.S.C. § 30501, *et seq.* for personal injuries, property damage, or any other claims resulting from the Incident.

5. If the amount of the Ad Interim Stipulation is not disputed by any claimant, the Ad Interim Stipulation shall stand as a stipulation for value and an appraisal shall not be required.

6. The Clerk of Court shall issue the attached Monition advising and admonishing all persons or entities asserting claims for any and all losses, damages, injuries, deaths, or destruction allegedly resulting from the Incident, to file their respective claims with the Clerk of Court, United States District Court for the Middle District of Florida, located at 801 North Florida Avenue, Tampa, Florida 33602 **on or before September 30, 2025**, and to serve or mail copies thereof to the Petitioner's attorneys, Jules V. Massee, Jennifer E. Seipel, and Samantha K. Pearce, of Hamilton, Miller, & Birthisel, LLP, 100 South Ashley Drive, Suite 1210, Tampa, Florida 33602, or be defaulted. If any claimant desires to contest the Petitioner's right to exoneration from or limitation of liability, such claimant shall file and serve on the Petitioner's

counsel an answer to the complaint on or before said date, unless his/her claim has included an answer to the complaint so designated, or be defaulted.

7. The Notice of Monition in the form required by Supplemental Rule F and the Admiralty and Maritime Practices Manual shall be published in a newspaper of general circulation in the appropriate count(ies) once a week for four (4) consecutive weeks prior to the date fixed for the filing of claims in accordance with Supplemental Rule F and the Admiralty and Maritime Practice Manual.

8. No later than the date of the second weekly publication, the Petitioner shall mail a copy of said notice to every person or entity known by the Petitioner to have a claim against him arising out of the Incident set forth in the complaint. In addition, the Petitioner shall mail said notice to any decedent at the decedent's last known address and also to any person who shall be known to have made any claim on account of such death.

9. The commencement or further prosecution of any action or proceeding against the Petitioner, the Vessel, or other property of the Petitioner with respect to any claims for which the Petitioner seeks exoneration from or limitation of liability herein, including any claim arising out of, stemming from, or connected with any loss, damage, injury, death, or destruction, more fully described in the complaint, is hereby restrained, stayed, and enjoined until the hearing and determination of this action.

10. Service of this Order as a restraining order in this District may be made in the usual manner as in any other federal district by the United States Marshal's delivery of a certified copy of this Order on the person(s) to be restrained or to their

respective attorney(s), or, alternatively, by mailing a conformed copy of the Order to the person(s) to be restrained or to their respective counsel.

SO ORDERED in Tampa, Florida, this 13th day of August 2025.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record